[Crim. No. 500. Department One.—July 15, 1899.]

THE PEOPLE, Respondent, v. J. M. KING, Appellant.

CRIMINAL LAW—FORGERY—SUFFICIENCY OF INFORMATION—FORGING "NAME" TO CHECK.—An information for forgery which substantially conforms to the statute, and charges the forging of the "name" of a certain person to the check, a copy of which is set forth in the information, showing that such name was signed to the check, and also charges that the defendant falsely uttered and passed the check as true and genuine, with intent to defraud a third person named, knowing the same to be false, forged, and counterfeit, states facts sufficient to constitute a public offense in such manner as to enable the defendant, as a man of common understanding, to know what was intended, and to enable him fully to prepare for his defense; and a demurrer thereto is properly overruled.

ID.—DEFECT IN FORM—SUBSTANTIAL RIGHT NOT PREJUDICED.—Any defect in form in such information in not specifically averring,

in the first part thereof, that the "check," as an instrument, or the "signature" thereof, was forged and counterfeited, is not such as tended to prejudice any substantial right of the defendant.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

J. J. Fitzgerald, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—Defendant was convicted of the crime of forgery, and appeals from the judgment and order denying his motion for a new trial. The point most earnestly urged as ground for reversal is that the court erred in overruling defendant's demurrer to the information. The information charges that on the fifteenth day of August, 1898, in the county of San Joaquin, the defendant knowingly, feloniously, and with intent to defraud and damage one Mrs. Ewing, did falsely make, forge, and counterfeit the name of Mrs. E. M. Carson to a certain check, which check is fully set out in the information and is for the sum of fifteen dollars, drawn upon Wells, Fargo & Co.'s Bank. That the defendant on said day did willfully, knowingly, and falsely utter, publish, and pass as true and genuine the said check with intent to damage and defraud the said Mrs. Ewing, the defendant well knowing at the time of so uttering and passing the said check that the same was false, forged, and counterfeit. It is urged that the first part of the information charges the forging and counterfeiting of the name only and not of the instrument. Section 960 of the Penal Code of this state reads as follows: "No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

Section 959 provides that the indictment or information is sufficient if it can be understood therefrom: "6. That the act

or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Applying the above rules of our code to this information we think it sufficient. A copy of the check is set forth in the information, which is as follows:

"No. 93.                    San Francisco, Aug. 13, 1898.

"Wells, Fargo & Co.'s Bank, pay to J. M. King, or bearer, $15.00, fifteen and & no-100 dollars.

                        MRS. E. M. CARSON."

The defendant is charged with having falsely forged and counterfeited the name of Mrs. E. M. Carson to this check. Without discussing imaginary distinctions between the meaning of "name" and "signature," we think that a person of common understanding by reading this information would know what was intended. There is not such defect in matter of form as would tend to the prejudice of a substantial right of defendant. An indictment or information is sufficient if it substantially conforms to the statute. (*People v. Mahlman,* 82 Cal. 585.)

And no one could say that defendant, as a man of common understanding, was not fully informed as to the acts which he had committed so as to enable him fully to prepare his defense. Again, the information charged the defendant with falsely uttering and passing as true and genuine the said false and forged check, knowing the same to be false and forged. We think the information did state facts sufficient to constitute a public offense, and that there was no error in overruling the demurrer. For the same reasons, the order of the court denying the defendant's motion in arrest of judgment was correct.

We think the judgment and order should be affirmed and so advise.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

                        Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.