[Crim. No. 1367. In Bank.—February 13, 1908.]

THE PEOPLE, Respondent, v. J. W. FINLEY, Appellant.

CRIMINAL LAW—ASSAULT BY PERSON UNDERGOING LIFE IMPRISONMENT —CONSTITUTIONAL LAW—PUNISHMENT BY DEATH.—Section 246 of the Penal Code, declaring that "Every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another with ·a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death," is not unconstitutional. That section neither denies to such person the equal protection of the law guaranteed by the fourteenth amendment to the constitution of the United States, nor does it contravene the provisions of section 11 of article I of the state constitution, declar-

ing that all laws of a general nature shall have a uniform operation.

ID.—INSTRUCTIONS AS TO FORMS OF VERDICT—EVIDENCE OF BUT ONE OFFENSE.—In a prosecution under that section, the refusal of the court, at the request of the defendant, to instruct the jury that they might render any one of four verdicts according to their conclusion from the evidence,—viz.: guilty as charged in the indictment, guilty of assault with a deadly weapon, guilty of simple assault, or not guilty,—is not error, where the evidence as contained in the record shows that the defendant was either guilty as charged in the indictment or not guilty at all, and the jury were charged that if the evidence did not satisfy them beyond a reasonable doubt that he was guilty of the offense charged, they must find him not guilty.

ID.—FORM OF INDICTMENT—COURT COMMITTING DEFENDANT.—An indictment for such crime is sufficiently specific if it charges, in the language of the section, that the defendant was then and there a person confined in and undergoing a life sentence at the state prison. It is unnecessary to charge that he was sentenced to life imprisonment in the state prison by a designated court of competent jurisdiction.

ID.—EVIDENCE OF COMMITMENT.—The record of the commitment of the defendant to the state prison was competent evidence for the prosecution on the trial.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

Samuel T. Bush, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jared, Deputy Attorney-General, and A. M. Seymour, District Attorney, for Respondent.

HENSHAW; J.—The appellant while undergoing a life sentence in the state prison at Folsom was indicted under section 246 of the Penal Code, tried upon the indictment, found guilty and the death penalty imposed. From the judgment and from the order denying his motion for a new trial he prosecutes this appeal.

The section of the code defining his crime is in the following language: "Every person undergoing a life sentence in a

state prison of this state, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death.''

The principal contentions of the appellant, advanced in different forms, resolve themselves into two propositions, both going to the constitutionality and validity of section 246 of the Penal Code. The first of these propositions is that it denies to the defendant the equal protection of the law guaranteed by the fourteenth amendment to the constitution of the United States. Second, that it contravenes the provisions of section 11 of article I of the constitution of this state declaring that all laws of a general nature shall have a uniform operation.

As to the genesis and origin of this comparatively new section of our Penal Code, it has long been a part of judicial knowledge, of legislative knowledge, and, indeed, of general knowledge, that convicts in penal institutions, undergoing sentences for life, constitute a most reckless and dangerous class. The conditions of their sentences destroy their hopes and with the destruction of hope all bonds of restraint are broken and there follows a recklessness leading to brutal crimes. These crimes became the more frequent as the impotency of the law to mete out adequate punishment for them was discerned. They were crimes of violence committed not alone against fellow inmates, but upon the custodians, officers, and guards of the institutions. The series of bloody and savage escapes and attempts to escape from the state prisons, which attempts were usually organized and headed by ''life-termers,'' form a part of the history of our state. Indeed, it is known that at times the prison officials have deemed it wise to clothe the ''life-termers'' in a characteristic garb, as a red shirt, that they might be the better watched throughout the day and the more readily picked out by the armed guards in cases of an emeute. Under this well-recognized condition of affairs it seemed expedient to the legislature to meet the situation by the enactment of section 246 of the Penal Code.

It is upon the authority of the *City of Pasadena* v. *Stimson,* 91 Cal. 252, [27 Pac. 604], and the numerous cases of like import, declaring that class legislation must be based upon

some natural, intrinsic, constitutional, reasonable distinction, or otherwise that it is in violation of section 11 of article I of the constitution of this state, that the appellant argues against the validity of the code provision. In this regard his contention is that there is no reasonable distinction to be drawn between the case of a convict undergoing a life sentence as such, and one undergoing a sentence for a period of years which in all human probability will exceed the term of natural life. But there are valid reasons which justify the distinction. The "life-termers," as has been said, while within the prison walls, constitute a class by themselves, a class recognized as such by penologists the world over. Their situation is legally different. Their civic death is perpetual. As to a convict incarcerated for a term of years, his civic death ends with his imprisonment. The good-conduct laws, whereby the term of imprisonment is shortened as to all other convicts, have no application to those undergoing a life sentence. Generally speaking, the crimes for which convicts suffer life sentences are graver in their nature and give evidence of more abandoned and malignant hearts than do the crimes of those undergoing sentence for years. And, finally, if the legislature sought to make the law applicable to convicts other than "life-termers," the difficulty which it would experience in fixing the term of imprisonment to which it should apply gives evidence itself that there is a reasonable rational class distinction between the "life-termer" and the convict under sentence for years. It is concluded, therefore, that the classification in question is not arbitrary, but is based upon valid reasons and distinctions.

Nor can it be said that the act in question is violative of the fourteenth amendment of the constitution of the United States. This amendment means simply that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons, or other classes, in the same place and under like circumstances. (*Missouri* v. *Lewis,* 101 U. S. 22.) Paraphrasing the language of the supreme court of the United States in *Moore* v. *Missouri,* 159 U. S. 676, [16 Sup. Ct. 179], we cannot perceive that appellant was denied the equal protection of the laws for every other person in like cases with him and convicted as he has been would be subjected to like punishment.

Defendant complains of the refusal of the court to give a requested instruction to the jury to the effect that they might render any one of four verdicts according to their conclusion from the evidence, viz.: guilty as charged in the indictment, guilty of assault with a deadly weapon, guilty of simple assault, and not guilty. There was no error in this action of the court. In view of the evidence as shown by the record the defendant was either guilty as charged in the indictment, or not guilty at all, and the jury were charged that if the evidence did not satisfy them beyond a reasonable doubt that he was guilty of the offense charged, they must find him not guilty.

It is finally contended that the indictment is defective in failing to charge that the defendant was sentenced to life imprisonment in the state prison by a court of competent jurisdiction, designating it. The indictment charged in the language of the code that defendant was then and there a person confined in and undergoing a life sentence at the state prison. It was sufficiently specific to enable defendant to prepare his defense. It is plainly one of those crimes which, as to the matter in question, it is sufficient to charge in the language of the statute. (*People* v. *O'Brien,* 96 Cal. 174, [31 Pac. 45] ; *People* v. *King,* 125 Cal. 369, [58 Pac. 19].) Upon the trial the record of the commitment of the defendant to the state prison was offered and admitted in evidence over the objection of the defendant. This record was not only competent evidence, but the method adopted was the proper method for its presentation to the court. (*People* v. *Williams,* 130 Ala, 31, [30 South. 337].)

For these reasons the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Sloss, J., Lorigan, J., McFarland, J., and Beatty, C. J., concurred.