[Crim. No. 1819.    In Bank.—June 18, 1914.]

## THE PEOPLE, Respondent, v. SAMUEL E. SWEARNINGEN, Appellant.

CRIMINAL LAW—INSTRUCTIONS ON REASONABLE DOUBT—ERROR CURED BY CORRECT INSTRUCTIONS.—In a criminal prosecution, an instruction to the jury that "if the testimony in this case is sufficient to convince you, beyond a reasonable doubt and to a moral certainty, that the defendant did commit the act charged, although the fact be sur-

rounded, in a degree, by a doubt, then it is your duty to convict," although it might be open to criticism, if standing alone, for its failure to define what does and what does not constitute reasonable doubt, will not be deemed prejudicial, if the court, in other instructions given in the same connection, clearly and correctly charged on the subject matter of reasonable doubt.

ID.—ASSAULT WITH DEADLY WEAPON — UNSUCCESSFUL ATTEMPT TO PROVE CONSPIRACY.—On the trial for an assault with a deadly weapon by a defendant while undergoing a sentence for life imprisonment in a state prison, questions asked by the prosecution, in good faith, in an unsuccessful attempt to show that the assault was committed in pursuance of a conspiracy between the defendant and his fellow prisoners, cannot be assigned as an effort to prejudice the case of the defendant.

ID.—IMPROPER REMARK BY DISTRICT ATTORNEY — STRIKING OUT — INSTRUCTION TO DISREGARD.—A slurring remark addressed by the district attorney to a witness for the defendant, which the court immediately ordered stricken out and instructed the jury to disregard, cannot be deemed prejudicial.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Charles B. Harris, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

LORIGAN, J.—Under section 246 of the Penal Code, held to be constitutional by this court in *People* v. *Finley,* 153 Cal. 59, [94 Pac. 248], and affirmed by the supreme court of the United States in the same case—*Finley* v. *State of California,* 222 U. S. 28, [56 L. Ed. 75, 32 Sup. Ct. Rep. 13], the appellant was prosecuted by information charging him while undergoing a sentence for life imprisonment in the state prison at Folsom with having committed with malice aforethought an assault with a deadly weapon upon one William Robinson. He was tried and convicted and, as the section provides shall be done upon conviction of such offense, sentence of death was imposed upon him. He appeals from the judgment and from an order denying his motion for a new trial.

The evidence shows that on August 25, 1912, defendant and Robinson, both prisoners at Folsom, the former undergoing a life term for murder, were in the main corridor of the prison where Robinson was reading a paper; that without any warning or any altercation between them defendant assaulted Robinson with a knife, inflicting grievous wounds upon his side, back and arms and was persisting in his attack when restrained by one of the prison guards. The reason for the attack as stated by the defendant to the officers of the prison immediately after the assault was that Robinson had informed on one of the other prisoners with reference to a contemplated effort to escape and he wanted to teach him a lesson.

No question is made of the sufficiency of the evidence to sustain the verdict but on behalf of the appellant it is urged for a reversal that the court erred in one of its instructions to the jury and in several particulars erred in its rulings upon the admissibility of evidence. Misconduct on the part of the district attorney is also assigned as error warranting a reversal.

The instruction claimed to be erroneous was proposed by the prosecution and given by the court. It is as follows:

"There are two classes of evidence recognized and admitted in courts of justice, upon either of which, *if sufficiently strong to establish guilt beyond a reasonable doubt and to a moral certainty,* you may lawfully find *an accused* guilty of crime. One is direct or positive testimony by an eye-witness of the commission of the crime. The other is proof by testimony of a chain of circumstances pointing adequately strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, statements made previous to the commission of the crime, and after its commission, and, in short, any acts, declarations, or circumstances admitted in evidence, tending to connect the defendant with the commission of the crime. *All that is required is this: If the testimony in this case is sufficient to convince you, beyond a reasonable doubt and to a moral certainty, that the defendant did commit the act charged, although the fact be surrounded, in a degree, by a doubt, then it is your duty to convict the defendant.*"

The attack is directed against that clause in the italicized portion of the instruction "although the fact be surrounded, in a degree by doubt." Appellant insists that this language,

without any explanation on the part of the court as to what was meant by it, told the jury, in effect, and contrary to well-established principles of law, that if there was a degree of doubt they must convict the defendant. While this instruction if it stood alone might be open to the criticism that it did not define what does and what does not constitute reasonable doubt, a distinction evidently contemplated by the language of the instruction, this was so clearly defined by other instructions previously given in connection with the one under consideration that the jury could not have but understood what the court meant by the language it employed. The court had already instructed them on the subject of "reasonable doubt"; had given them the old and approved instruction clearly and explicitly defining it; that it consisted of a doubt of the guilt of the accused existing after a full comparison and consideration of all the evidence in the case. It further instructed them, as is usual, that the term "reasonable doubt" did not mean every possible or fanciful doubt which might be suggested to the minds of the jurors; that a mere surmise or conjecture did not constitute "reasonable doubt," and used similar and further language in marking the distinction between what amounted to reasonable doubt and what did not. With these instructions given on the matter of "doubt," reasonable or otherwise, the instruction in question was given, and it is to be considered as the court intended it should and as the jury naturally would consider and interpret it, in connection with and in the light of the previous instructions on the matters referred to in it. It will be observed that the instruction attacked was dealing with two classes of evidence which might be considered by the jury—direct or positive evidence and circumstantial evidence—and correctly informed them in the opening sentence of the instruction that either class "if sufficiently strong to establish guilt beyond a reasonable doubt and to a moral certainty" would lawfully warrant a jury in finding one accused of crime guilty. Then, after defining direct or positive evidence and also circumstantial evidence, the court closed the instruction on those subjects with the direction as to the duty of the jury with respect to either class of evidence and used the language which appellant criticizes. But taking the entire latter portion of the instruction in the light of previous definitions the jury could not have misunderstood what was meant by it. They were again

thereby instructed as in the opening clause that in order to convict the defendant they must be satisfied "beyond a reasonable doubt and to a moral certainty" of his guilt. It was not necessary for the court to again define reasonable doubt. It had already done so by previous instructions, and when in this connection the court said that if so convinced they should convict the defendant "although the fact be surrounded in a degree by doubt," the jury, having in mind also the previous instructions of the court, must have understood this language to refer to that doubt" which did not amount to a "reasonable doubt"; some possible or fanciful doubt, surmise, or conjecture, which might suggest itself in any case but which, not arising from a consideration of the evidence, would not, as the court had theretofore instructed them, amount to or constitute a reasonable doubt of guilt.

Under the entire portion of the instruction attacked the court was simply pointing out to them that any "doubt" which they might entertain or act upon must be a reasonable doubt as had been previously defined and no other.

As to the assignments of error made by appellant of the rulings of the court with respect to the admission of evidence, these are not of sufficient moment to require a detailed discussion nor except that this is a capital case would they call for any discussion at all.

The prosecution was permitted to ask some questions of witnesses over the objections of defendant on the claim that it intended to prove a conspiracy between the defendant and some other prisoners under which the assault was made by defendant on the prosecuting witness. In this connection, in addition to other inquiries, the prosecution sought to show the relations between defendant and other prisoners claimed to have been in the conspiracy and a prisoner named Smith. Appellant claims this was error. But a sufficient answer to this is that the prosecution had a right to prove such a conspiracy if it existed and the inquiries made by the prosecution were properly directed to that end. It failed, however, to elicit any evidence sustaining it and all the evidence that was introduced on the subject was stricken out on motion of the appellant. The witnesses who were called by the prosecution as to the relationship of Smith to the conspiracy knew nothing which would throw any light on that subject and gave no answers which were in any way prejudicial to the defendant.

The fact that unsuccessful inquires were made with a view to establishing a conspiracy and which were evidently made in good faith cannot be assigned as an effort to prejudice the case of the defendant.

A prisoner testifying on behalf of the defendant stated that Robinson had struck the defendant before the latter assailed him. On being asked by the district attorney why he had not told the prison guard who took the knife from defendant that the prosecuting witness Robinson had struck the defendant before he assaulted him, he replied that he had not done so because the guard would not have believed him if he had, to which the district attorney responded "That is unfortunate for you." This remark of the district attorney was, of course, improper. But as the court immediately ordered it stricken out and at once instructed the jury to disregard it, the defendant cannot be said to have been prejudiced thereby.

The judgment and order appealed from are affirmed.

Shaw, J., Sloss, J., Angellotti, J., Melvin, J., and Henshaw, J., concurred.