[No. H023419. Sixth Dist. July 10, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
CALVIN BELL, Real Party in Interest.

COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Julie Anne Hokans, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Paul Couenhoven, under appointment by the Court of Appeal, for Real Party in Interest.

OPINION

**PREMO, Acting P. J.—**

## I. INTRODUCTION

In these original proceedings, the People petition for a writ of mandate directing respondent court to vacate its order granting defendant's Penal Code section 995[1] motion to dismiss the charge of assault by a life prisoner in violation of section 4500. The People contend that the trial court erred in determining that defendant was not a life prisoner within the meaning of section 4500 because, at the time of the alleged assault, defendant was serving a determinate sentence to be followed by two consecutive, indeterminate life sentences with the possibility of parole. In the People's view, defendant met the section 4500 definition of a life prisoner as one who is "undergoing a life sentence" because defendant is undergoing a commitment that, in the aggregate, potentially subjects him to actual life imprisonment. We agree, and for that reason we will issue a peremptory writ of mandate as requested by the People.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Background*

Defendant Calvin Bell is an inmate at Salinas Valley State Prison who was convicted of 15 offenses, including kidnapping for ransom (§ 209, subd. (a)) and kidnapping for robbery (§ 209, subd. (b)). In October 1992, defendant was sentenced by the Sacramento County Superior Court to state prison for a determinate term of 27 years eight months and two consecutive, indeterminate terms of life with the possibility of parole. During defendant's

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

incarceration, he was charged with a new felony offense of assault by a life prisoner in violation of section 4500.

## B. *The Preliminary Hearing*

Correctional Officer Jose Garza was the sole witness at the preliminary hearing. Officer Garza testified that he was employed at Salinas Valley State Prison in the administrative segregation unit where defendant allegedly assaulted inmate Abrue, on October 3, 2000. Just before the assault occurred, Officer Garza saw defendant and another inmate talking to inmate Abrue in the administrative segregation unit yard. Officer Garza looked away. When he looked back, he saw Abrue holding his bloody left side and neck area, and he heard Abrue say, "What are you doing, man?" After Abrue received medical care, Officer Garza observed that the injury consisted of a four- to five-inch slash to the left side and neck repaired with many stitches. Officer Garza also viewed the surveillance camera videotape that depicted the yard at the time of the assault. The videotape showed defendant raising his right hand and making a slashing motion towards Abrue's left side and neck.

At the conclusion of the preliminary hearing testimony, defense counsel argued that defendant could not be held to answer the section 4500 charge of assault by a life prisoner, because defendant was not undergoing a life sentence at the time of the assault. Defense counsel explained that defendant was serving his determinate sentence of 27 years eight months at the time of the assault, based on the provision of section 669 that requires a determinate sentence to be served before a consecutive life sentence.[2]

The magistrate disagreed, finding that defendant was undergoing a life sentence at the time of the assault. In the words of the magistrate, "What you are suggesting is that there is no current effect of this life term that's been imposed because the determinate part is being served first. But there is, in effect. This man is undergoing a life sentence. He knows everyday [*sic*], every morning he wakes up, that he has a life term." Having determined that section 4500 was applicable to defendant, the magistrate ruled that there was probable cause to hold defendant to answer.

---

[2]Section 669 provides, in pertinent part: "Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction. Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determine term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046 or pursuant to any other section of law that establishes a minimum period of confinement under the life sentence before eligibility for parole."

## C. *Defendant's Section 995 Motion*

After defendant was held to answer, the People filed an information and a first amended information. The first amended information charged defendant with the felony offenses of assault by a life prisoner (§ 4500), attempted first degree murder (§§ 664, 187), and assault with a deadly weapon (§ 245, subd. (a)(1)), and alleged a serious felony prior and two prior prison terms. Defendant brought a section 995 motion to set aside count one of the information, the section 4500 charge, on the same grounds that defense counsel had argued at the preliminary hearing. Defendant maintained that at the time of the alleged assault he was still serving his determinate sentence, pursuant to section 669, and had not commenced serving his life sentence. Accordingly, defendant insisted that he was not "undergoing a life sentence" within the meaning of section 4500 and could not be subjected to its severe punishment for life prisoners.

The People did not file written opposition to the section 995 motion. At the hearing on the motion the prosecutor disagreed with defendant's interpretation of section 4500. However, the trial court found defendant's interpretation to be persuasive and granted defendant's section 995 motion to dismiss count one. The court reasoned: "Well, I agree with [defense counsel]. I don't think it was the intent of the [L]egislature to create this absurd situation, but in fact I didn't do it, the legislator[s] did. If the [L]egislature wants to straighten it out they should do it. The Court shouldn't have the responsibility for cleaning up what is some sloppy language."

The People petitioned for writ relief from the trial court's order and we issued an order to show cause and a temporary stay of trial court proceedings.[3]

### III. DISCUSSION

## A. *Availability of Writ Relief*

■ Pursuant to section 1238, subdivision (a)(1), the People have a right to appeal an order setting aside all or any part of the information, indictment or complaint. However, pretrial writ review of an order granting defendant's section 995 motion and dismissing fewer than all counts of an information is available to both the defendant and the People in order to avoid multiple trials. *(People v. Superior Court (Caudle)* (1990) 221 Cal.App.3d 1190, 1192 [270 Cal.Rptr. 751]; see also *People v. Superior Court (Orecchia)* (1976) 65 Cal.App.3d 842, 846 [134 Cal.Rptr. 361].)

---

[3]No party requested oral argument.

## B. *Standard of Review*

■ " 'On review by appeal or writ . . . the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate holding the defendant to answer.' " (*People v. Superior Court (Lujan)* (1999) 73 Cal.App.4th 1123, 1127 [87 Cal.Rptr.2d 320], quoting *People v. Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].) The standard for review is as follows: " 'To support a felony information, there need be only "some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it" [citation], and an information will not be set aside or a prosecution prohibited thereon if this standard is met.' " (*People v. Superior Court (Shamis)* (1997) 58 Cal.App.4th 833, 842 [68 Cal.Rptr.2d 388].) However, where the facts are undisputed, the determination of probable cause "constitute[s] a legal conclusion which is subject to independent review on appeal." (*People v. Watson* (1981) 30 Cal.3d 290, 300 [179 Cal.Rptr. 43, 637 P.2d 279].) We apply the independent standard of review in the present case because the facts regarding defendant's sentencing are undisputed, and therefore the determination of whether probable cause exists to hold defendant to answer the charge of violating section 4500 is a legal issue.

## C. *The Offense of Assault by a Life Prisoner*

■ To determine whether defendant is a life prisoner within the meaning of section 4500, we first examine section 4500 and its legislative history. In pertinent part, section 4500 sets forth the elements of the offense of assault by a life prisoner: "Every person while *undergoing a life sentence,* who is sentenced to state prison within this state, and who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole." (Italics added.) Thus, section 4500 imposes a severe penalty upon life prisoners who commit assault. (*In re Carmichael* (1982) 132 Cal.App.3d 542, 546 [183 Cal.Rptr. 206].)

The offense of assault by a life prisoner was first codified in 1901 as former section 246. At that time, the statute stated: " 'Every person *undergoing a life sentence* in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death.' " (*People v. Finley* (1908) 153 Cal. 59, 60-61 [94 P. 248], italics added.) In 1908, the California Supreme Court commented on the Legislature's intent in enacting former section 246. "As

to the genesis and origin of this comparatively new section of our Penal Code, is has long been a part of judicial knowledge, of legislative knowledge, and, indeed, of general knowledge, that convicts in penal institutions, undergoing sentences for life, constitute a most reckless and dangerous class. The conditions of their sentences destroy their hopes and with the destruction of hope all bonds of restraint are broken and there follows a recklessness leading to brutal crimes. These crimes became the more frequent as the impotency of the law to mete out adequate punishment for them was discerned. . . . Under this well-recognized condition of affairs it seemed expedient to the [L]egislature to meet the situation by the enactment of section 246 of the Penal Code." (*People v. Finley, supra*, 153 Cal. at p. 61.)

Former section 246 was repealed in 1941 and replaced with section 4500. (Stats. 1941, ch. 106, § 15, p. 1124.) The statutory language has been amended several times.[4] However, the phrase "undergoing a life sentence" has remained constant throughout the revisions. (See, e.g., *People v. McNabb* (1935) 3 Cal.2d 441, 443 [45 P.2d 334] [construing former § 246]; *In re Quinn* (1945) 25 Cal.2d 799, 802 [154 P.2d 875] [construing § 4500]; *People v. Jefferson* (1956) 47 Cal.2d 438, 445 [303 P.2d 1024] [Legislature enacted § 4500 with same language and intent as former § 246]; *People v. Rodriguez* (1963) 222 Cal.App.2d 221, 227 [34 Cal.Rptr. 907] [Legislature left § 4500 undisturbed to make it specifically applicable to persons "undergoing a life sentence"]; *People v. St. Martin* (1970) 1 Cal.3d 524, 537 [83 Cal.Rptr. 166, 463 P.2d 390] [construing "undergoing a life sentence" in § 4500]; *Graham v. Superior Court* (1979) 98 Cal.App.3d 880, 890 [160 Cal.Rptr. 10] [same]; *In re Carmichael, supra*, 132 Cal.App.3d at p. 546 [status as a lifer continues to define the assault offense under § 4500].)

The Legislature's intent in enacting former section 246 and then section 4500 has also remained constant through statutory revisions. In 1935, the California Supreme Court considered the issue of whether a prisoner who was serving an indeterminate sentence of not less than five years, pursuant to former section 1168, was "undergoing a life sentence" within the meaning of section 246. (*People v. McNabb, supra*, 3 Cal.2d at p. 444.) The court noted that because no maximum term of years was fixed by law, the sentence was "in effect a definite life term until and unless it is fixed by the state board of prison terms and paroles in due course at a lesser term of imprisonment."

---

[4]Section 4500, added by Statutes 1973, chapter 719, section 13, page 1301; amended by Statutes 1977, chapter 316, section 21, page 1264. Former section 4500, added by Statutes 1941, chapter 106, section 15, page 1124; amended by Statutes 1959, chapter 529, section 1, page 2497; Statutes 1965, chapter 1904, section 1, page 4412. Former section 246, added by Statutes 1901, chapter 12, section 1, page 6; repealed by Statutes 1941, chapter 106, section 16, page 1132; reenacted as section 4500 by Statutes 1941, chapter 106, section 15, page 1124.

(*Ibid.*) Therefore, while the court acknowledged that the offense of assault by a life prisoner had been first codified in 1901 when the courts "pronounced a fixed term of imprisonment," the court concluded that the defendant was nevertheless undergoing a life sentence within the purpose and meaning of former section 246. (*McNabb*, at p. 457.) Former section 246, the court noted, "was enacted as a disciplinary regulation and as a means of protection to prisoners themselves against the assaults of the vicious, and also to protect the officers who are required to mingle with the inmates, unarmed." (*McNabb*, at p. 458.)

A decade after its decision in *People v. McNabb*, the California Supreme Court approved its reasoning in *People v. McNabb* that a defendant serving an indeterminate sentence was "within the classification intended to be reached by the Legislature in enacting section 246" because the sentence "potentially subjected him to actual life imprisonment." (*In re Quinn, supra*, 25 Cal.2d at p. 802; see also *People v. Williams* (1945) 27 Cal.2d 216, 219 [163 P.2d 441] [same].) The court made the same ruling in 1949, commenting that the purpose of section 4500, "prison discipline and protection of guards and inmates[,] still constitutes a cogent reason for its enactment." (*People v. Wells* (1949) 33 Cal.2d 330, 336 [202 P.2d 53].) In 1979, the appellate court reiterated that "[t]he legislative purpose in enacting section 4500 was to deter those who were serving life sentences who might otherwise believe they had nothing to lose." (*Graham v. Superior Court, supra*, 98 Cal.App.3d at p. 890.) Thus, it is the prisoner's status on the day of the assault that is the key to determining whether the prisoner may be charged with the section 4500 offense of assault by a life prisoner. (*Ibid.*)

Most recently, the Legislature's intent in enacting section 4500 was discussed in *In re Carmichael, supra*, 132 Cal.App.3d at page 546. The court stated, "Status as a lifer then defined and continues to define the assault offense under section 4500. That status of lifer at the time of the assault is what the Legislature was focusing on in attaching the severe penalties which flow from a section 4500 conviction. As we have noted, the Legislature was attempting to deter severely violent crime by those who might otherwise think themselves immune from punishment because they were already lifetime guests of the state penal system."

Thus, it is well established that a prisoner who commits an assault is subject to prosecution under section 4500 for the crime of assault by a life prisoner if, on the day of the assault, the prisoner was serving a sentence which potentially subjected him to actual life imprisonment, and therefore the prisoner might believe he had "nothing left to lose" by committing the assault. We turn now to a question of first impression: whether a prisoner

who is serving a fixed term on the day of the assault, but who is to serve a life sentence upon completion of the fixed term, may be prosecuted under section 4500 for the crime of assault by a life prisoner.

### D. *Defendant May Be Held to Answer the Charge of Assault by a Life Prisoner*

In the present case, defendant was sentenced in 1992 to two indeterminate life sentences with the possibility of parole, to be served consecutively with a determinate sentence of 27 years eight months. The parties agree defendant was serving his determinate sentence first, pursuant to section 669, and, therefore, on the day of the subject assault in 2000 defendant was in the course of serving a fixed term.[5] The question is whether defendant was undergoing a life sentence within the meaning of section 4500 and thus may be charged with committing the offense of assault by a life prisoner on a day when he was serving his determinate sentence.

To answer this question, it is necessary to determine the meaning of the phrase "undergoing a life sentence" in section 4500. The parties interpret the phrase differently. Defendant contends that the plain language of section 4500 indicates "a prisoner does not 'experience' or 'undergo' a consecutively imposed life sentence until a determinate sentence has already been served." Thus, in defendant's view there is no need to resort to the Legislature's intent to interpret section 4500. The People disagree, arguing that defendant falls into the class of prisoners undergoing a life sentence within the meaning of section 4500 because, while defendant "was technically serving the determinate part of his sentence on the date of the alleged assault, he had two life terms staring him squarely in the face."

As we have discussed, the appellate decisions construing former section 246 and section 4500 remain valid, and indicate that the People have the better view. In *People v. McNabb* the California Supreme Court addressed a fact situation similar to the case at bar. At the time of the assault, the defendant in *People v. McNabb* was serving out an uncompleted fixed term sentence as a parole violator. However, the defendant had been returned to prison upon two convictions for first degree robbery committed while on parole, with an indeterminate sentence of not less than five years. (*People v. McNabb, supra,* 3 Cal.2d at p. 457.) The Supreme Court ruled that at the time of the assault the defendant was undergoing life sentence within the meaning of former section 246, because, had the defendant "been discharged

---

[5]While it is not clear to us from the record that defendant was sentenced by the Sacramento County Superior Court to serve his determinate sentence consecutively with his life sentences, for purposes of this opinion we accept the parties' representation that he was so sentenced.

or released from serving the uncompleted terms by a writ of *habeas corpus* or by pardon he would have still been held as a prisoner serving a life term on said later commitments." (*McNabb*, at p. 457.) In other words, "[t]he prisoner is undergoing a life sentence whatever may happen." (*Ibid.*)

Defendant argues that the decision in *People v. McNabb* is not on point, because it was decided when the indeterminate sentencing law (former § 1168) was in effect in California,[6] and when a former version of section 669 was in place. We disagree. In *In re Cowen* (1946) 27 Cal.2d 637 [166 P.2d 279], the California Supreme Court determined that section 669 was enacted to address "the serving of multiple sentences only in so far as concerns whether such sentences should operate concurrently or cumulatively, not to require that for all purposes, when consecutive sentences are directed, the defendant shall be regarded as imprisoned on only one charge at a time." (27 Cal.2d at p. 648.) On that basis, the court determined that "consecutive sentences, even if regarded as separate and distinct for some purposes, necessarily coalesce into one aggregate term of confinement during which the prisoner is continuingly restrained of his liberty." (27 Cal.2d at p. 647.) This view was consistent with its prior ruling in *People v. McNabb*, the court noted, since "[i]t was necessarily held that the defendant was 'undergoing a life sentence' even though he had not yet completed his fixed term sentence." (27 Cal.2d at p. 648.) While section 669 has been amended since 1946, the same reasoning applies. Today, section 669 expressly provides that when "a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole." According to the plain language of section 669, the mandate that a determinate sentence be served before a consecutive life sentence is for the purpose of calculating parole eligibility, and not for the purpose of determining whether the prisoner is undergoing a life sentence within the meaning of section 4500.

Based on our review of the pertinent Penal Code sections and their legislative purpose, we find that the Legislature intended section 4500 to apply to a prisoner who at the time of committing an assault was serving a fixed term sentence to be followed by a consecutive life sentence. The defendant is serving one aggregate term of confinement in which he is potentially restrained of his liberty for life and might think he is immune from further punishment. Such a defendant falls into the class of prisoners

---

[6]The determinate sentencing law (§ 1170 et seq.) was enacted in 1976. (*Graham v. Superior Court, supra*, 98 Cal.App.3d at p. 889.)

who are undergoing a life sentence within the meaning of section 4500. Therefore, because in the present case defendant was serving a determinate sentence on the day of the alleged assault, to be followed by two consecutive life sentences, defendant was undergoing a life sentence within the meaning of section 4500. Accordingly, the magistrate properly held defendant to answer count one, assault by a life prisoner under section 4500, and the trial court erred in granting defendant's section 995 motion to dismiss the count.

## IV.   DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order granting defendant's Penal Code section 995 motion and dismissing count one of the amended information, and to enter a new order denying the motion. The temporary stay order is vacated.

Elia, J., and Wunderlich, J., concurred.