Filed 7/24/14  P. v. Super. Ct. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent;<br><br>JAMES PITRE,<br><br>     Real Party in Interest. | A142049<br><br>(City & County of San Francisco Super. Ct. No. 221814) |

The San Francisco District Attorney on behalf of the People petitions for a writ of mandate to set aside the trial court's order dismissing one count of a four-count information against real party in interest James Pitre. At the conclusion of the preliminary hearing, the magistrate upheld the sufficiency of evidence to support counts charging Pitre with grand theft of personal property, receiving or buying stolen property, and possession of burglary tools, but dismissed count I of the complaint charging him with first degree residential burglary (Pen. Code, § 459).[1] The same charge was nonetheless included in the subsequently filed information which the trial court dismissed pursuant to Pitre's motion under section 995. In response to the People's petition, this court previously stayed the trial court proceedings, requested informal opposition, and advised

---

[1] All statutory references are to the Penal Code.

1

the parties that if appropriate this court might resolve the issue without a further hearing pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.

The evidence introduced at the preliminary hearing showed that on January 10, 2014, John Caudy and a roommate were in their apartment at 1630 La Salle Avenue in San Francisco. The residence is a four-level structure; the landlord and his family occupy the first floor, and Caudy and roommates occupy the upper floors, the fourth floor being the roof with a deck and chairs. The upper floors are accessed through a door on the second floor. From approximately 12:30 to 3:30 p.m., Caudy and his roommate were on the fourth floor roof deck. When they returned to the lower floors, they observed that several items that had been in the apartment before they went to the roof were missing: The roommate's laptop computer and Caudy's iPad and keys.[2] Although Caudy had earlier locked with a dead bolt the second floor door, the door was then unlocked and ajar, with no signs (other than scratch marks that might have been there before) that anyone had broken the dead lock.

About 2:55 p.m. on the same day, plainclothes police officers observed Pitre walking in the middle of the street approximately a half block from 1630 La Salle Avenue. After Pitre appeared to see the officers, he immediately walked to the sidewalk and tossed a backpack under a panel van. When the officers approached Pitre, he acknowledged that the backpack was his. A records check disclosed that Pitre was on probation with a warrantless search condition and a search disclosed the roommate's laptop and a crowbar in the backpack, Caudy's iPad stashed between Pitre's waist and waistband inside of his pants, and Caudy's keys inside Pitre's jacket pocket. Pitre told one of the officers that he had purchased the computer and iPad from "a Hispanic male" for $20. Caudy testified that he had not given Pitre permission to enter the residence.

The magistrate did "not find sufficient cause to believe Mr. Pitre guilty of" first degree burglary. In ruling on the section 995 motion, the trial court stated correctly that the magistrate's decision was not based on any factual findings, but explained: "I'm not

---

[2] The roommate's bicycle was also missing but was found outside the front door of the apartment.

sure — I think that I owe great deference to the magistrate's ruling on the law. And he heard all the witnesses in this case and therefore, from my reading, do not disagree with the magistrate and therefore I am granting the [section] 995 as it relates to count 1."

Since the magistrate's ruling was not based on a finding of disputed facts, the sufficiency of the evidence to establish probable cause is a question of law, subject to the independent review of this court (as it was for review by the trial court). (*People v. Superior Court (Bell)* (2002) 99 Cal.App.4th 1334, 1339.) The reviewing court must determine whether " 'as a matter of law the evidentiary record discloses a rational basis for believing the defendant guilty of the charged offense.' " (*People v. Dawson* (2009) 172 Cal.App.4th 1073, 1088.) Legitimate inferences must be drawn in favor of upholding the information. (*People v. Hall* (1971) 3 Cal.3d 992, 996.)

The rulings below apparently were based on the conclusion that the evidence presented at the preliminary hearing is insufficient to establish that Pitre entered the victims' residence, a necessary element of residential burglary. (§ 459; CALCRIM No. 1700.) However, although Pitre's possession of the stolen property is not itself sufficient to establish probable cause that Pitre committed the burglary, his possession of the stolen items is some evidence of that fact and only slight additional evidence is necessary to find him guilty of the burglary. (*People v. Johnson* (1962) 6 Cal.4th 1, 36-37, overruled on another ground in *People v. Rogers* (2006) 39 Cal.4th 826, 879; *People v. Russell* (1932) 120 Cal.App. 622, 625-626.)

The evidence in the record is sufficient to support a rational inference that Pitre entered the victim's residence without permission with the intent to steal and that he in fact was the burglar. Pitre was found in possession of the stolen property a half block from the premises shortly after the time at which the burglary necessarily occurred. When he spotted police officers he attempted to discard the backpack containing one of the stolen items. Another stolen item, the iPad, was secreted under his pants in a manner seemingly inconsistent with the innocent purchase of the iPad. And there is no apparent reason for which Pitre would have purchased Caudy's keys that were found in his jacket pocket. All of these circumstances support a rational inference and probable cause to

believe that Pitre is the person who removed the stolen items from the victims' apartment. (*People v. Russell, supra,* 120 Cal.App. at pp. 625-626.) While there may be facts to which Pitre can point challenging this conclusion (such as the fact that the landlord had access to the victims' premises, and Pitre's assertion that he purchased the laptop and iPad from a "Hispanic male"), these facts may be argued at trial to create reasonable doubt precluding conviction but they do not negate probable cause warranting trial.

The People's entitlement to relief is clear and no useful purpose would be served by plenary consideration of the issue. (See *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261.) Thus, the accelerated *Palma* procedure is appropriate. (See *Palma v. U.S. Industrial Fasteners, Inc., supra* 36 Cal.3d 171.) Therefore, let a writ of mandate issue directing the trial court to vacate its order granting the motion to set aside the charge of first degree residential burglary (§ 459) and the allegations related thereto, and to enter a new order reinstating count I of the information filed on March 19, 2014. Upon issuance of the writ, the stay of proceedings previously ordered by this court shall be vacated.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.

4