[Crim. No. 688.   Department Two. — May 31, 1901.]

THE PEOPLE, Respondent, v. Z. WILLIAMS, Appellant.

CRIMINAL LAW — REVIEW UPON APPEAL — QUESTIONS OF FACT — JURIS-
DICTION. — This court has no jurisdiction to review questions of fact
upon appeals in criminal cases; and it is useless for the briefs of
counsel to discuss the sufficiency of the evidence, unless there is
such an absence of evidence upon some essential matter as to raise
a question of law.

ID. — RAPE — EVIDENCE — CONDUCT OF DEFENDANT UNDER RESTRAINT —
STATEMENT BY PROSECUTRIX — IMPLIED ADMISSION. — Upon the trial
of a charge of rape, committed by sexual intercourse with a girl
under age of consent, testimony as to the conduct of the defendant
at the office of the city marshal, where he was induced to go by
the brothers of the prosecutrix, and where he was under the re-
straint of threats and promises, is not admissible to show an im-
plied admission by him of a statement then made by the prosecu-
trix; nor is evidence of her statement, based upon such conduct,
admissible.

ID. — CONTINUOUS ACTS OF INTERCOURSE — ERRONEOUS INSTRUCTION. —
Where the prosecutrix testified that she lived with the, defendant
for the period of four months, and had many acts of intercourse
with him, and many alleged acts, each constituting a separate
offense, were testified to, with details of time and circumstances,
an instruction to the effect that if the jury found that defendant
had sexual intercourse with the prosecutrix at any time within
three years before finding of the indictment, she being under six-
teen years of age, they must find him guilty, is erroneous.

ID. — VARIANCE — MAIN CHARGE TO BE SELECTED AND PROVED. —
Though the failure to prove an offense of the exact date charged
in the complaint is not a fatal variance, yet the main charge can-
not be dispensed with for that reason, and should be selected and
notified to the defendant at the commencement of the trial, as the
offense upon which the prosecution intends to rely.

ID. — SELECTION BY FIRST EVIDENCE — ACQUITTAL THE RESULT OF
FAILURE. — If no offense is selected and notified to the defendant,
the first evidence which tends in any degree to prove an offense is
to be deemed a selection; and unless that precise offense is proved,
the defendant is entitled to an acquittal.

ID. — EVIDENCE — OTHER INCIDENTS. — Upon a charge of crime involving
sexual intercourse by consent, other incidents may be proved, not
primarily to prove habitual or continuous criminality, or other
offenses, but merely as tending to prove the one specific offense for
the alleged commission of which the defendant is on trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. G. Rossiter, and J. W. McKinley, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

TEMPLE, J.—The defendant was convicted upon a charge of rape upon the person of a child aged thirteen. The appeal is from the judgment and from an order denying a new trial.

As I think the judgment must be reversed, many of the points made will not require consideration. Only those will be noticed, other than the one which necessitates a reversal, which may be necessary for the guidance of the court upon a retrial.

The briefs contain a long discussion as to the sufficiency of the evidence. It is not claimed that there was not sufficient evidence, if the prosecuting witness was worthy of credence. But her story is said to be improbable, and opposed to testimony more credible. We have so often called the attention of the profession to the fact that the appellate jurisdiction of this court does not extend to matters of fact, that we are surprised that learned counsel should spend their time in the presentation of such questions. If there is a total absence of evidence upon some essential matter, and perhaps if the evidence is so slight as not to amount to satisfactory proof within the meaning of section 1835 of the Code of Civil Procedure, a question of law is presented. The credibility of the witnesses is for the jury, or at least for the trial court, which may grant a new trial for insufficiency of the evidence, when we could not interfere. There was an abundance of evidence in the present case, and if the jury believed the testimony for the prosecution, the verdict was right, so far as this point goes; and on the same condition the court properly refused to grant a new trial. But even if the court ought to have granted a new trial on that ground, we cannot review its action.

I think the testimony of W. S. Lacey and of the brothers of the prosecutrix as to what occurred at the office of Mr. Lacey, who was city marshal, was improperly admitted. The defend-

ant was not then under arrest, but was induced to go with the two brothers to the office of the city marshal, and was there confronted with the prosecutrix. There considerable conversation was had. The child made her statement as to what had occurred, apparently giving considerable detail as to alleged occurrences. The defendant was urged to make a statement, and was frequently threatened that the magistrate would be applied to for a warrant. The marshal testified that after the prosecutrix made her statement, he asked the defendant what he had to say about it. "I don't think he made any reply to what she said, at all. He just sat there, and kind of cowed right down." After this testimony he was permitted to recite what the prosecutrix had said. This was admissible, if at all, only upon the theory that the defendant admitted the truth of what was thus said in his presence. So considered, it was clearly a confession, or that is not a confession which simply admits all the facts charged, but stops short of a confession of guilt in the precise words, " I am guilty." The defendant was under restraint. The brothers Tomlinson had told him, as one of them testified, that if he would make a statement exonerating their sister, he would be allowed to leave the city; and it appears the magistrate was called in, and after he had heard the statement, advised him to leave town. What was meant by exonerating their sister, after she had stated what had been done to her, was, probably, that he should admit the truth of her statement, and perhaps admit that he had used force. Nothing inculpatory was said by the defendant at the time. It made against him only because he was silent. Under such circumstances his silence did not imply an admission, but granting that it did, the admission was not voluntary. He was under restraint, and had a suggested promise that he could go free if he admitted his guilt, and a threat of prosecution if he defended himself and declared his innocence. The evidence should not have been admitted.

But one other matter requires notice at our hands. That arises from an instruction given by the court, to the effect that if the jury found that defendant had had sexual intercourse with the prosecutrix at any time within three years before the finding of the indictment, she being under sixteen years of age, etc., they must find him guilty. The prosecutrix testified that she lived with the defendant for a period of four months, and on nearly every day during that time, and sometimes five or

six times a day, they had sexual intercourse with each other. In addition to this sweeping general assertion, many alleged acts were specifically described, with circumstances of time, etc. Each of these acts was a separate offense, and the defendant could be tried for either, and separately for each of them. The jury were not even told that they must all agree that some specifically described act had been performed. A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge, as to any one of these separate offenses. Even worse than that was possible. As to every specific offense which there was an attempt to prove, and which could be met by proof, the defendant may have established his defense, and yet upon the general evidence of continuous crime, which, in the nature of things, he could only meet by his personal denial, he may have been convicted. And how could he defend when he was not informed as to what particular offense, out of hundreds testified to by the prosecutrix, he was to be tried? Such a trial, upon a charge so indefinite as to circumstance of time or place, or any particular, except by the general designation, would be a judicial farce, if it were not something a great deal worse. That it was wrong, was held in the recent case of *People* v. *Castro, ante,* p. 11.

The trouble arises from the fact that upon a charge of crime involving sexual intercourse by consent, other like offenses may be shown to prove that the parties are lewdly inclined, and that the barriers of modesty have been broken down with reference to each other,—not primarily to prove habitual or continuous criminality or other offenses. In this case, as well as in any other, the prosecution must charge a specific offense, and the conviction, if one is had, must depend upon the proof of that offense alone. Other incidents are important only as tending to prove the *one* specific offense for the alleged commission of which defendant is on trial.

But, it is said, time is not material, further than it must appear that the crime was committed before the indictment was found, and within the period of limitations. The statement is not strictly accurate. The proof of an offense on a different date is a variance, but, in general, not a fatal variance. A defendant on trial upon a criminal indictment has a right to demand that the charge against him shall be stated in ordinary and concise language, that he may know upon what

specific charge he is to be tried, so that he may prepare his defense. Practically, that is not done in these few anomalous cases, where any number of separate offenses may be proven, although the defendant is being tried for the commission of only one. Two cases upon this point are cited, in each of which a rule is declared, but the rules differ. In *People* v. *Flaherty*, 162 N. Y. 540, it is said: "The indictment alleges acts constituting but one crime, and while the mistake as to the date will not prevent the prosecution from proving the crime charged in the indictment, the indictment will be deemed to cover the offense attempted to be proved nearest in point of time to the date of the indictment." In *State* v. *Hilberg*, 61 Pac. Rep. 215 (Utah), it was said, after noticing that the prosecution could have proved *any one* act committed, "When evidence was introduced, tending directly to the proof of one act, and for the purpose of securing a conviction upon it, from that moment that particular act became the act charged." This rule is uncertain, and unfair to the defendant, because of the qualifying clause, "for the purpose of securing a conviction upon it." I think the prosecuting officer, when he commences the trial of a case of this class, where he is at liberty to prove one of several different offenses under the indictment, should, at least as early as the commencement of the trial, inform the defense upon proof of what specific offense he intends to rely, and if he does not, the first evidence which would tend in any degree to prove an offense shall be deemed a selection, and unless that precise offense is proven, the defendant is entitled to an acquittal. Even this would leave a defendant in such cases at a disadvantage, but he ought not to be tried under less favorable circumstances.

The judgment and order are reversed and a new trial ordered.

McFarland J., and Henshaw, J., concurred.