[No. F007837. Fifth Dist. Apr. 25, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT C. VAN HOEK, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Monica Knox, Acting State Public Defender, and Tami J. Buscho, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BALLANTYNE, Acting P. J.—

### THE CASE

Defendant, Robert C. Van Hoek, was found guilty of seven counts of lewd and lascivious conduct (Pen. Code, § 288, subd. (a)) and one count of unlawful sexual intercourse (Pen. Code, § 261.6). Count I was charged and found as occurring on or about January 1983; count II was charged and found as occurring on or about April 1983; and the lewd and lascivious acts

in counts III, IV, V, VI and VII were charged and found as occurring on or about 1985, 1984, 1982, 1981 and 1980, respectively. The unlawful sexual intercourse (count VIII) was charged and found as occurring on or about 1983.

FACTS

Lynn was married to the defendant since 1964. They had eight children, including C., the victim in the instant case, who was born February 10, 1971, and was 15 years of age at the time of trial. During the first half of 1980 the family lived in Hanford. From August of 1980 until June of 1985 the family lived on Olive Street in Lemoore.

C. testified that her father began molesting her when she was three years old. When she lived on Olive Street he sometimes molested her twice a day. There would sometimes be a week between occurrences but it happened at least once a month on Olive Street.

C. testified that the same thing always happened. Defendant would call her into his room, they would talk, he would tell her she was his favorite and then he would either start kissing her or caressing her vagina or breasts with his hands. Defendant would start molesting C. with her clothes on and then he would take them off. In 1983 and 1984 defendant had sexual intercourse with C. five or six times.

In 1984 C. pushed defendant away because she had seen him with one of her sisters. She told him to quit. He tried to molest her in 1985 and she pushed him away.

C. could not link the molestations to any specific times such as a holiday, birthday or other significant event. She did recall three specific occasions when defendant molested her. One time C. was watching a certain television program. Defendant did not approve of the program and turned off the television. Defendant called C. up to her room and molested her. C. did not testify as to a date or which residence she was living in at the time this occurred. She recalled another time when her mother almost caught them. Defendant had not removed any of her clothing at this time. Again, C. did not identify this event by time or residence. C. also recalled a molestation while she was living in Hanford. She fell in the bathtub, her mother wrapped her in a towel and placed her on the bed. Her mother left and defendant started to molest her.

## DISCUSSION

## DID THE PROSECUTOR FAIL TO MEET HIS BURDEN OF PROOF DUE TO THE LACK OF ANY SPECIFIC EVIDENCE AS TO A PARTICULAR ACT?

As previously set forth, C. testified generally as to when and how the molestations occurred. She never testified as to a specific instance except under cross-examination by defense counsel. This specific testimony is of no value because although the act was specified there was nothing to tie it to a particular time. C.'s specific testimony could have detailed acts which occurred at a time before the time charged (and the statute of limitations had run) and, even if it had occurred during the time charged, there was nothing to enable the jury to tie the specific instance to a specific charge. Thus, all that is left to support the charges is C.'s generic and amorphous testimony.

 Defendant asserts that the failure to present evidence of any specific act to support the charged offenses requires reversal. Defendant contends that C. failed to identify a single specific occasion to which he could have presented a definite defense. "It is the failure of proof, the burden of which lies solely with the prosecution."

The "resident child molester"[1] cases pose perplexing questions. They involve two very important, yet somewhat conflicting, considerations. One overriding concern is that a child who has been molested on a regular basis and in a consistent manner might not have a meaningful reference point of time or detail by which to distinguish one specific act from another. The concern is that this problem will be exacerbated the more frequent and repetitive the molestation and the younger the victim. Thus, the prosecution's ability to establish one or more specific acts via the testimony of the minor victim decreases. Since minor children are usually molested outside the presence of witnesses and many of these acts leave no permanent physical evidence, the testimony of the minor victim may be the only evidence on which the prosecution can base its case. To render such testimony inadequate as a matter of law under circumstances like those here under discussion could effectively insulate the most egregious child molesters from prosecution.

The other consideration is predicated upon fundamental notions of due process which were first articulated by our Supreme Court in two 1901

---

[1] This term has been coined to apply to a person who either resides in the same home with the minor or has unchecked access to the child and repeatedly sexually molests the child over a prolonged period of time.

decisions, *People* v. *Castro* (1901) 133 Cal. 11 [65 P. 13] and *People* v. *Williams* (1901) 133 Cal. 165 [65 P. 323]. In both cases the defendant was charged with a single act of rape involving a young victim under the age of consent, and the victims each testified that there were multiple acts of sexual intercourse extending over a period of several months. In reversing the conviction in *Castro* the Supreme Court stated: "Under the *instructions* given to the jury in the case at bar, the defendant should have been convicted, if any one of the various acts of intercourse sworn to by the prosecutrix was established beyond a reasonable doubt; but, certainly, the defendant was not called upon to defend himself against all of these respective acts of intercourse, extending through a period of several months. The information only charged one act, and upon that allegation the case must stand or fall. Possibly, any one of the acts sworn to by the prosecutrix could have been selected by the state as the act charged in the pleading, but the entire four acts could not be so selected. The state, at the commencement of the trial, should have been required to select the particular act upon which it relied to make good the allegation of the information. This was not done; and even conceding that the failure to make such election at that time did not constitute error because of the want of demand upon the part of the defendant to make the election, still, when the case went to the jury, the court, in some form, should have directed their minds to the particular act of intercourse which it was incumbent upon the state to establish by the evidence, before a verdict of guilty could be returned against the defendant. This was not done." (*People* v. *Castro, supra,* 133 Cal. at pp. 12-13.)

Also, in reversing the conviction in *Williams,* the Supreme Court held: "Each of these acts was a separate offense, and the defendant could be tried for either, and separately for each of them. The jury were not even told that they must all agree that some specifically described act had been performed. A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge, as to any one of these separate offenses. Even worse than that was possible. As to every specific offense which there was an attempt to prove, and which could be met by proof, the defendant may have established his defense, and yet upon the general evidence of continuous crime, which, in the nature of things, he could only meet by his personal denial, he may have been convicted. And how could he defend when he was not informed as to what particular offense, out of hundreds testified to by the prosecutrix, he was to be tried? Such a trial, upon a charge so indefinite as to circumstance of time or place, or any particular, except by the general designation, would be a judicial farce, if it were not something a great deal worse." (*People* v. *Williams, supra,* 133 Cal. at p. 168.)

The Attorney General contends that any failure by the prosecution to elect a specific act as to each count was cured when the trial court instruct-

ed the jury as to each count pursuant to CALJIC No. 17.01 as follows: "The defendant is charged with the offense of _____ . He may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

The Attorney General apparently relies on the so-called "either/or" rule which was recently stated as follows: "Emerging from recent cases dealing with the problems arising when a crime is charged and the evidence describes several acts, any one of which could constitute the crime charged, 'is the so-called "either/or" rule: . . . *either* the prosecution must select the specific act relied upon to prove the charge *or* the jury must be instructed in the words of CALJIC No. 17.01 or 4.71.5 or their equivalent that it must unanimously agree beyond a reasonable doubt that defendant committed the same specific criminal act. [Citations.]' [Citation.]" (*People* v. *Callan* (1985) 174 Cal.App.3d 1101, 1111, fn. omitted [220 Cal.Rptr. 339].)

■ While the "either/or" rule as stated above will cure a failure of election by the prosecution in the usual case where evidence of several specific acts is presented, any one of which could constitute the crime charged, the rule can have no application in a case such as the present one where there is a failure to present evidence of *any* specific act to support the charged crime. Where, as here, the evidence is that many of such acts were committed over an extended period of time, it would be impossible for the prosecution to "select the specific act relied upon to prove the charge" and equally impossible for the jury to "unanimously agree beyond a reasonable doubt that defendant committed the same specific criminal act." As stated in *People* v. *Williams, supra,* 133 Cal. 165, 168, "Such a trial, upon a charge so indefinite as to circumstance of time or place, or any particular, except by the general designation, would be a judicial farce, if it were not something a great deal worse."

■ Thus, the problem is not one of jury unanimity or election by the prosecution. It is instead a due process problem which cannot be cured by an election or a unanimity instruction. Again, quoting from *Williams*: "In this case, as well as in any other, the prosecution must charge a specific offense, and the conviction, if one is had, must depend upon the proof of that offense alone. Other incidents are important only as tending to prove the *one* specific offense for the alleged commission of which defendant is on trial.

". . . A defendant . . . has a right to demand that the charge against him shall be stated in ordinary and concise language, that he may know upon

what specific charge he is to be tried, so that he may prepare his defense. Practically, that is not done in these few anomalous cases, where any number of separate offenses may be proven, although the defendant is being tried for the commission of only one." (*People* v. *Williams, supra,* 133 Cal. at pp. 168-169.)

A serious problem with the vague charges and the testimony upon which they are based is that the defendant's ability to defend is severely hampered. A "resident child molester" would virtually be precluded from presenting an alibi defense to the acts unless he could account for every time he was in the presence of the victim. In the instant case, defendant, because he was the victim's father and lived in the household, has no idea what specific time or specific act he has to defend against. The defendant would virtually have to account for every day of the last five years during which he had contact with C. to enable him to present any kind of alibi defense.

Also, the defendant is precluded from attacking the victim's testimony in any way other than a general attack. The defendant is unable to attack specifics of the act to undermine the victim's credibility as to certain details which might convince the jury that the particular act did not occur as testified to by the victim.

C.'s testimony consisted of a blur of acts, nonspecific as to a particular occasion. When the victim's testimony is bland and unspecific as to any occasion and yet involves accusations of numerous occasions, it would be impossible for the jury to unanimously agree on one specific act for each charge. The argument that the jury must have believed the victim was credible and believed all the acts occurred is unavailing. As previously discussed, the defendant, by these types of accusations and evidence, is seriously deprived of any defense except to generally attack the victim's credibility.

Implicit in the cases requiring specificity of charges and the charges being supported by specific testimony given at trial is the fundamental due process rule, steeped in antiquity, that the prosecution must prove a specific act and the twelve jurors must agree on one specific act.

The case of *People* v. *Creighton* (1976) 57 Cal.App.3d 314 [129 Cal.Rptr. 249] (disapproved on other grounds in *People* v. *Thomas* (1978) 20 Cal.3d 457, 468 [143 Cal.Rptr. 215, 573 P.2d 433]) is on point. In *Creighton,* defendant was found guilty of a lewd and lascivious act upon Loren L. occurring between October 6, 1972, and October 6, 1973. Loren alleged that she and defendant had had sex numerous times. She specified one date on which this occurred.

The particular occasion was the subject of another count; the jury found defendant not guilty of this count, presumably because an expert testified that it could not have occurred on this date.

On appeal, defendant asserted that the trial court erred in failing to grant the defense motion for acquittal. The appellate court agreed. "There is in this case substantial evidence of crimes before the trier of fact. What is not there is evidence as to an individual, specific crime. All the elements were there except time, which is not a key factor in the case, and a specific incident. . . . [I]t is not reasonable to believe that the jurors could have, with the evidence available, singled out any one act or incident on which to convict the defendant. For this reason alone it would be necessary to reverse. This is not due to failure to prove that an act occurred on a specific date or time, rather there is a failure to prove any one act within the statute of limitations (Pen. Code, § 800). The evidence was too general to support a verdict even though that general evidence was, in its bulk, substantial. There is no possible way of singling out one individual act from among those claimed and saying there is substantial evidence to prove that act." (*Id.* at pp. 321-322.)

We too are deeply concerned with the resident child molester and would like very much for each of them to be brought to justice for their appalling behavior. But, this concern should not cloud the issue now before this court, which is that these types of cases, where the victim's unspecific testimony is uncorroborated, proceed in such a manner that the defendant's rights to due process are seriously violated. He is deprived of the right to mount an adequate defense and the prosecution is not required to meet their burden of proving the defendant committed a particular act on a particular and specific occasion. Here, the prosecution neither charged an offense specific as to time, place or other particular, nor did it prove a specific offense with regard to any count. Reversal is thus required. (See also *People* v. *Abdullah* (1933) 134 Cal.App. 155, 158 [25 P.2d 40].)

The judgment is reversed.

Stone, (W. A.), J., and Brown, (G. A.), J.,* concurred.

Respondent's petition for review by the Supreme Court was denied August 18, 1988.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.