[No. H006852. Sixth Dist. June 28, 1990.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
ROBERT JOSEPH CAUDLE, Real Party in Interest.

**COUNSEL**

Leo Himmelsbach, District Attorney, and Thang Nguyen Barrett, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Patrick Tondreau for Real Party in Interest.

**OPINION**

**AGLIANO, P. J.**—The People seek mandate to reverse trial court orders (1) sustaining defendant's demurrer to the information and then, after the filing of an amended information, (2) dismissing all but two counts of the one hundred forty-five-count amended information. The dismissal order under Penal Code[1] section 995 is reviewable on writ by the People. ██ ██

---

[1] All further statutory references are to the Penal Code.

■■■■ (E.g. *People* v. *Superior Court (Day)* (1985) 174 Cal.App.3d 1008 [220 Cal.Rptr. 330].)[2] The ruling on the demurrer has been mooted by the filing of an amended information, but the issues raised by both rulings overlap and shall therefore be discussed together.

The allegations typify the case as one sometimes referred to as a "resident child molester" case. (See *People* v. *Van Hoek* (1988) 200 Cal.App.3d 811, 814, fn. 1 [246 Cal.Rptr. 352].)[3] The fact pattern these cases often present is that the defendant has lived in the same residence as the child victim over a long period of time, and is accused of frequent or routine molestation during that period, but the child cannot remember the exact dates and places the molestation occurred. The due process concerns raised by this factual pattern are (1) the sufficiency of the notice of offenses charged, (2) the defendant's ability to assert an alibi defense, and (3) the ability of the jury unanimously to agree on particular acts supporting particular charges. (See *People* v. *Van Hoek, supra*, 200 Cal.App.3d at pp. 814-816.) Here, the first concern—inadequate notice of the charges—moved the trial court to sustain the demurrer to the original information, and it later dismissed all but two counts of the amended information because it believed the record gave neither due process notice nor presented sufficient evidence of particular charged acts.

## THE RECORD

The amended information charges defendant with 145 counts of molestation of the minor victim N., occurring over the time period from June 1, 1983, until March 3, 1984, during all of which time defendant and N. lived in the same household. The statutory charge in each count is section 288, subdivision (a), lewd and lascivious conduct upon a child, except the final count which charges a violation of section 288a, subdivision (c), forcible oral copulation. The trial court ruling dismisses all but counts 144 and 145.

---

[2] Defendant's principal argument in reply to the petition is that writ review should not be available because the error is not jurisdictional and the appellate remedy is adequate. In support of that argument no criminal case disagreeing with the *Day* decision is cited. We reject this argument and agree with *Day* that pretrial writ review of a section 995 ruling should be available to the People as well as to the defendant. Here, interlocutory review is justified in the interest of avoiding multiple trials involving the same facts.

[3] Many appellate decisions have recently struggled with the notice and due process issues presented by these cases, and review has been granted in some such cases now pending before the California Supreme Court. (E.g. *People* v. *Fernandez* (Cal.App.); Cal.Rptr. 139], review granted Feb. 15, 1990 (S013201); *People* v. *Slaughter* (Cal.App.); *People* v. *Jones* (Cal.App.).)

These counts are equally not specific as to dates. Count 144 charges one count of section 288, subdivision (a), upon N. between February 24, 1984, and March 3, 1984, and Count 145 charges one count of 288a, subdivision (c), occurring on a Friday night between September 1, 1984 and December 1, 1984, when the victim's mother was ill at home. In the remainder of the information, each charge of section 288, subdivision (a), alleges an act of lewd and lascivious conduct within section 288, subdivision (a), committed upon N. during a specified one-week period, without further factual detail. Typical is count one, which charges that defendant committed an act proscribed by section 288, subdivision (a), upon N. "on or about and between the 1st day of June, 1983, and the 7th day of June, 1983, in the County of Santa Clara . . . . ."

The original information, as to which a demurrer was sustained, was even less specific as to dates. There, each act was alleged to have occurred during a period of one month or more. The act of oral copulation was there alleged to have occurred sometime between September 1, 1984, and June 30, 1986, without additional factual detail.

The preliminary hearing evidence consists largely of the victim's testimony. She was born March 3, 1970. Defendant is her stepfather. She testified that her family moved from Colorado to Saratoga in Santa Clara County when she was 12 years old and that the molestations began then. They were virtually a daily occurrence, a routine which took place nearly every morning. The typical pattern was that defendant would come into her room about 5:45 a.m. before anyone else was awake, awaken her, have her meet him in the family room far away from the bedrooms, take off her underwear, rub her chest and genitals, have intercourse with her and oral copulation. The acts happened usually seven days a week, every day, "it just always happened." The morning routine finally stopped some time about November 1986.[4]

There were no other eyewitnesses to the offenses. The victim's mother and brother did testify to some circumstantial evidence of sexual conduct between defendant and the victim. The mother once surprised defendant in her daughter's bedroom, while the girl was disrobing, and found his behavior inappropriate; and the brother came home one day to find the victim locked in a younger sister's bedroom with defendant, and when she emerged

---

[4]The information charges offenses occurring over the period from June 1983 to March 1984. However, the victim's testimony pinpointed the end of the practice of molestation as occurring at the beginning of the 1986 school year, possibly around November. She testified that at that time she became more assertive and angry. She refused to cooperate as she had in the past by getting up early or going with defendant to the remote family room. Eventually he completely stopped trying.

she gave explanations which left him unsatisfied as to what had happened. The mother also testified that defendant was always grabbing the victim's buttocks.

N. could not give a specific date for any of the offenses. She was able to remember one specific occasion which deviated from the morning routine, when she and defendant were watching television and her mother was sick in the bedroom and her younger sister was in the living room. Defendant forced N. to orally copulate him, although she was crying and did not want to. She was then a high school sophomore. This testimony is the basis for count 145, which was not dismissed.

N. testified that these acts occurred except when defendant was absent from the home, as on business trips or when he went to Australia with her mother for two weeks. She had no memory of the dates of his absences.

## DISCUSSION

As stated above, cases of this type present tensions between the defendant's due process rights, as they have been traditionally viewed, and society's wish to punish the resident child molester for his conduct. When the victim cannot pinpoint dates of the offenses, a dilemma exists: if the law requires specificity, a guilty person may escape liability; if specificity is not required, the district attorney is free to charge any number of offenses, and there is danger of erroneous conviction or at least overcharging and a disproportionate sentence.

The Legislature has recently attempted a partial solution to this problem in its enactment of section 288.5, the resident child molester statute. That statute imposes a sentence of 6, 12, or 16 years for molestation occurring during a 3-month period, and requires proof of regular access to the victim and at least three acts of substantial sexual conduct with the child during that period. Unanimous agreement on particular acts is not required. (§ 288.5, subdivision (b).) The constitutionality of this statute has not yet been determined. It does not address nor necessarily alleviate the problem of whether dates of the substantial acts must be specifically pled or proved. Although the statute may be of some help in a given case, it does not appear available to a court as a solution in cases where, as here, the charged acts predate the statute. (Nor would the statute be of assistance where the district attorney elected to proceed under the older statutes, unless section 288.5 be found to have preempted other offenses against minors.)

Defendant argues that under decisions such as *People* v. *Moreno* (1989) 211 Cal.App.3d 776 [259 Cal.Rptr. 800], and *People* v. *Van Hoek, supra,*

200 Cal.App.3d 811, he cannot be convicted upon the testimony which we have here because the victim cannot name the days when molestations occurred. As these decisions observe, two 1901 California Supreme Court cases have required, as a matter of due process, specificity of charges and of proof. (*People* v. *Castro,* 133 Cal. 11 [65 P. 13], and *People* v. *Williams,* 133 Cal. 165 [65 P. 323].) "Implicit in the cases requiring specificity of charges and the charges being supported by specific testimony given at trial is the fundamental due process rule, steeped in antiquity, that the prosecution must prove a specific act and the twelve jurors must agree on one specific act." (*Van Hoek, supra,* 200 Cal.App.3d at p. 817; *People* v. *Moreno, supra,* 211 Cal.App.3d at p. 789.)

The holdings in both *Castro* and *Williams* were that the prosecution may not rely on testimony that acts of unlawful sexual conduct occurred over a defined period, but rather must prove specific conduct on specific occasions. *Williams, supra,* 133 Cal. 165, involved several alleged rapes of a 13-year-old who lived with defendant over a 4-month period; *Castro, supra,* 133 Cal. 11, involved charges of statutory rape framed as several acts over a period of months, and the jury was not told it must agree on one act.

■ Some cases have described as "generic" the kind of testimony by the victim which cannot pinpoint the dates of the charged offenses, and which is insufficient proof of criminal conduct under the *Castro/Williams* rationale. (E.g. *People* v. *Luna* (1988) 204 Cal.App.3d 726, 746 [250 Cal.Rptr. 878].) Here, however, we do not believe that the victim's testimony is "generic." Rather it is specific in that she has testified to a daily practice of molestation over a defined period of time (namely, from the time of the family's move to Saratoga until November 1986). Thus she has actually accused defendant of having molested her each day of the stated period. This testimony is specific and gives defendant notice of the basis of the charges. If he can furnish alibis for some or all of this period, it is incumbent on him to come forward and do so. Alternatively, he can defend by raising a reasonable doubt whether the victim is telling the truth about his routine practice of molestation.

The trial court's ruling is erroneous here because in our view the information combined with the victim's testimony provides sufficient notice of the charges and a reasonable suspicion that defendant is guilty of them. (See *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]; *People* v. *Garcia* (1985) 166 Cal.App.3d 1056, 1065 [212 Cal.Rptr. 822].) ■ An information serves its due process function if it informs the defendant of the nature of the charges and the approximate time and place of commission. (See *People* v. *Gordon* (1985) 165 Cal.App.3d 839, 868 [212 Cal.Rptr. 174] [conc. opn. of Sims, J.].) ■ And the pre-

liminary hearing serves to focus upon the testimony which will be offered at trial and to inform the defendant more specifically what proof he must meet. (See *People* v. *Luna, supra,* 204 Cal.App.3d at p. 747.) ■ "[T]he prosecution clearly has no duty to provide more explicit notice than human nature and science permit." (*People* v. *Gordon, supra,* 165 Cal.App.3d 839, 868 [conc. opn. of Sims, J.].) In cases of this nature, because the charging of the habitual molestation cannot normally be made more specific than we have here, and because the victim has testified that the alleged acts happened almost every day of the stated period, defendant has clear notice of what he is accused of—molesting the victim over a period of years—and what he must do to defend the charge—persuade the jury a reasonable doubt exists.

■ We agree with the decisions which have observed that the defendant's alleged problem in fashioning an alibi defense if dates are not specifically pleaded is chimerical in most of these cases. (E.g. *People* v. *Obremski* (1989) 207 Cal.App.3d 1346, at pp. 1352-1353 [255 Cal.Rptr. 715]; *People* v. *Moreno, supra,* 211 Cal.App.3d at p. 787; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 572 [199 Cal.Rptr. 796]; *People* v. *Coulter* (1989) 209 Cal.App.3d 506 [257 Cal.Rptr. 391].) Credibility, not alibi or wrongful identification, is likely to be the issue in these cases. (*People* v. *Dunnahoo, supra*; *People* v. *Moreno, supra.*) We agree with *Obremski, supra,* and *Moreno, supra,* that "*Van Hoek* and its progeny place 'a misguided emphasis on the right of resident child molesters to rely on alibi as a defense.'" (*Moreno, supra,* at p. 787.) Further: "'*Van Hoek* is incorrect because it attempts to fit the crime to the defense instead of fitting the defense to the crime. In cases where the child molester lived with the victim for an extensive, uninterrupted period and therefore had continual day and night access to the vulnerable child, neither alibi or wrongful identification is likely to be a reasonable defense.'" (*Ibid.,* citing *Dunnahoo, supra.*)

■ Some of the cases which have permitted charging the resident child molester without specificity as to dates have distinguished *Castro* and *Williams, supra,* in terms of the lessened importance of the information now that a preliminary hearing is required. Here, however, there is the additional distinguishing circumstance that the victim has testified to a routine practice. We do not believe that either *Castro* or *Williams* requires more than we have here, namely, testimony as to a daily practice occurring over an identified period of time.

An anomalous feature of the trial court's ruling is that the two counts which remain are hardly more specific in pleading or in proof than are the one hundred forty-three counts which have been dismissed. We think that here, all the charges will likely stand or fall together, and we further hold

that they are sufficiently charged, and sufficiently demonstrated to permit defendant to be bound over for trial.[5] (See *Obremski, supra,* 207 Cal.App.3d at pp. 1352-1354; *People v. Coulter, supra,* 209 Cal.App.3d 506, mod. opn. 209 Cal.App.3d 1098a [following *Obremski*].) There is enough in the record to meet the standard on a motion to dismiss, which is that there be some reasonable suspicion that a felony has been committed and defendant has committed it. (*Rideout v. Superior Court, supra,* 67 Cal.2d 471; *People v. Garcia, supra,* 166 Cal.App.3d 1056.)

In finding that defendant may be bound over for trial, we need not and do not now decide what manner of proof will suffice to support a verdict of guilty of any count. Nor are we required to consider any infirmities in any possibly disproportionate sentence which may result. But we would be less than candid if we did not observe that serious problems of this nature may develop.[6]

We hold that it was error to dismiss all but two of the charges for insufficient evidence to bind over. We shall issue a writ compelling reinstatement of the charges.

### DISPOSITION

Defendant has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

---

[5] If the trial court was simply attempting to eliminate some of the counts in order to avoid undesirable overcharging or an excessive sentence, we point out that the task of making the punishment fit the crime is that of the Legislature and not of the courts except in very unusual instances (such as when cruel and unusual punishment may be argued). We sympathize with the trial court's attempt to pare this prosecution down to a manageable size. If the punishment for resident child molesters is to be a virtual life sentence, that choice should be made by the Legislature, not the prosecution. Section 288.5, *supra,* indicates the Legislature probably would not choose that route.

[6] Possibly, cases of this nature may be appropriate candidates for the continuous conduct exception which has been applied in other areas of criminal law and has permitted conviction upon testimony to a pattern of conduct which by its nature is continuing. (Such cases include, most pertinent to this case, child abuse, *People v. Ewing* (1977) 72 Cal.App.3d 714, 717 [140 Cal.Rptr. 299], and contributing to the delinquency of a minor, *People v. Lowell* (1946) 77 Cal.App.2d 341, 346-348 [175 P.2d 846]; as well as spousal battery (*People v. Thompson* (1984) 160 Cal.App.3d 220, 224 [206 Cal.Rptr. 516]); pimping (*People v. Lewis* (1978) 77 Cal.App.3d 455, 460-462 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185]); and harboring a felon (*People v. Gunn* (1987) 197 Cal.App.3d 408 [242 Cal.Rptr. 834]). However, the doctrine has been rejected in a case of sodomy and oral copulation occurring in a continuous crime spree. (*People v. Madden* (1981) 116 Cal.App.3d 212, 218 [171 Cal.Rptr. 897]).) *People v. Luna, supra,* states that the *Castro* and *Williams* decisions have foreclosed the application of the doctrine to resident child molester cases. (See *People v. Luna, supra,* 204 Cal.App.3d at p. 749.)

Let a writ of mandate issue directing respondent court to vacate its order dismissing, pursuant to section 995, all but two counts of the amended information, and to make a different order denying defendant's motion to dismiss. We treat the ruling on the demurrer as moot. This opinion shall be final as to this court immediately (Cal. Rules of Court, rule 24(d)), because this matter involves a child victim and may be entitled to trial priority. (§ 1048, subd. (b).) Our stay of trial herein is vacated, effective when this opinion becomes final.

Capaccioli, J., and Cottle, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 22, 1990.