[No. B131671. Second Dist., Div. Five. July 29, 1999.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
REUBEN KENNETH LUJAN, Real Party in Interest.

**COUNSEL**

Gil Garcetti, District Attorney, Brentford J. Ferreira and Natasha S. Cooper, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Isaacson & Isaacson and Joel R. Isaacson for Real Party in Interest.

**OPINION**

**WEISMAN, J.**\*—The People challenge an order of respondent court granting defendant's motion under Penal Code section 995 to dismiss special circumstance allegations filed as to two counts of murder, alleging that defendant committed each murder by means of lying in wait. (Pen. Code, § 190.2, subd. (a)(15).) Pretrial writ review of this ruling is justified in the interest of avoiding multiple trials and significant delay in resolution of the issue. (*People* v. *Superior Court* (*Caudle*) (1990) 221 Cal.App.3d 1190, 1193, fn. 2 [270 Cal.Rptr. 751].)

### FACTS AND PROCEDURAL HISTORY

The transcript of the preliminary hearing shows that defendant and his wife, Monica, separated sometime in the spring of 1998. After the separation, defendant lived at his mother's house, which was near the location where Monica lived. After the separation, defendant began telephoning Monica, following her, and parking outside her home and office. When Monica threatened to get a restraining order against him, defendant replied, "Go ahead, if you are still alive." On July 17, 1998, when Monica told

---

*Judge of the Municipal Court for the Los Angeles Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

defendant she was going on a trip to Las Vegas, he announced that he was going also, stating that he could go anywhere she could go, and "the police can't do a damn thing to me." The next day, July 18, 1998, she left for Las Vegas about 4:45 a.m. Defendant proceeded to follow her as she drove to Las Vegas. She drove to a sheriff's station, where defendant took his right finger, put it to his head simulating a handgun, and pulled the trigger, telling Monica, "That's going to be you." Defendant was arrested for making terrorist threats.

Defendant's statement to the police was introduced at the preliminary hearing through the testimony of a peace officer. Defendant told the police that in the early morning hours of August 16, 1998, he was en route home from his brother's house at approximately 3:00 a.m. when he saw Monica and her neighbor Gil Madrigal embracing as they walked down the street. Defendant said he became enraged as he watched the couple enter Madrigal's home because he believed they were going there to have sex. Defendant stated he waited between two trucks, and when he heard Madrigal's front door open, he grabbed the cement cover off the water meter on the ground near the sidewalk, resumed his position between the two trucks and waited for Monica and Madrigal. He said he waited there until they rounded the corner, and attacked them both with the cement cover. Both victims died from multiple skull fractures.

Following the preliminary hearing, defendant was held to answer for two counts of first degree murder with special circumstances of lying in wait and multiple murder (Pen. Code, §§ 187, 190.2, subd. (a)(3) & (15)), and for stalking Monica (Pen. Code, § 646.9, subd. (a)).

Defendant filed a Penal Code section 995 motion in respondent court in which he argued that: (1) the evidence at the preliminary hearing was insufficient to hold him to answer on a charge of willful, premeditated murder; and (2) the lying-in-wait special circumstance should be dismissed as to each murder count.

Respondent court denied defendant's request that the murder charges be reduced to manslaughter, but granted the motion to dismiss the lying-in-wait special circumstance. The court noted that defendant's weapon of choice, a water meter cover, indicated he did not go to the location intending to kill and "[d]oesn't sound like lying in wait to me." The court ruled that "being outside the house for two minutes while they went in, that is not lying in wait." The court concluded that "[i]t may have been a premeditated killing, but lying in wait it's not."

## Discussion

██ "[I]n proceedings under section 995 it is the magistrate who is the finder of fact; the superior court . . . sits merely as a reviewing court; it must draw every legitimate inference in favor of the information, and cannot substitute its judgment as to the credibility or weight of the evidence for that of the magistrate. [Citation.] On review by appeal or writ, moreover, the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate holding the defendant to answer. [Citations.]" (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].) ██ Based on our independent review of the evidence, we hold that the magistrate was correct when he concluded the People had presented sufficient evidence at the preliminary hearing to hold defendant to answer on the lying-in-wait special circumstance.

██ The evidentiary showing required for a preliminary hearing is not substantial. A defendant may be held to answer "if there is some rational ground for assuming the possibility that an offense has been committed and that the accused is guilty of it. [Citation.] The information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. [Citation.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citation.]" (*People* v. *Superior Court (Smart)* (1986) 179 Cal.App.3d 860, 864 [225 Cal.Rptr. 62], original italics.) "[O]ur function is to determine whether a person of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion that the defendant committed the crime charged." (*Id.* at pp. 864-865, citing *People* v. *Watson* (1981) 30 Cal.3d 290, 300 [179 Cal.Rptr. 43, 637 P.2d 279].) All that is required to permit an information to survive a challenge under Penal Code section 995 in this context is that the evidence at the preliminary hearing be sufficient to raise an inference of lying in wait. (*People* v. *Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1229 [6 Cal.Rptr.2d 242].)

██ The elements of the lying-in-wait special circumstance are " 'an intentional murder, committed under circumstances which include (1) a concealment of purpose, (2) a substantial period of watching and waiting for an opportune time to act, and (3) immediately thereafter, a surprise attack on an unsuspecting victim . . . .' " (*People* v. *Carpenter* (1997) 15 Cal.4th 312, 388 [63 Cal.Rptr.2d 1, 935 P.2d 708]; *People* v. *Morales* (1989) 48 Cal.3d 527, 557 [257 Cal.Rptr. 64, 770 P.2d 244].)

██ Defendant, by his own admission, concealed himself from the victims by hiding between two trucks. He armed himself with a cement

water meter cover and waited for the victims to approach. He waited for them to come around the corner. As they came around the corner he attacked and killed them. There were no defensive wounds on victim Madrigal. Clearly, the evidence is sufficient to show that defendant, after arming himself, concealed his purpose and effected a surprise attack.

The ruling of respondent court was based on the short length of time during which defendant was concealed. However, the Supreme Court has noted that a period of "a matter of minutes" is sufficiently substantial. (*People* v. *Edwards* (1991) 54 Cal.3d 787, 826 [1 Cal.Rptr.2d 696, 819 P.2d 436].) This issue was further discussed in *People* v. *Superior Court* (*Jurado*), supra, 4 Cal.App.4th at page 1228, wherein the Court of Appeal found the trial court erred in dismissing a lying-in-wait special-circumstance allegation. The *Jurado* court noted that in *Edwards* the Supreme Court found the defendant "had engaged in waiting and watching for an opportune time to act, and clarified the watching did not have to continue for any particular period of time provided its duration was sufficient to establish waiting, watching, and concealment or other secret design to take the victim unawares and by surprise." (*Id.* at pp. 1228-1229.) The court in *Edwards* concluded that lying in wait can be shown if the defendant's conduct indicates a period of watching or waiting and concealment of purpose so as to put the defendant in a position to take the victim unawares and by surprise. (*Ibid.*)

It is clear that no particular time period is required for a lying-in-wait special circumstance. Rather, the period must only be "substantial." We find that the period at issue here, in which defendant located and retrieved the murder weapon, concealed himself from view between two trucks, and waited for the victims to come around a corner where he could take them "unawares and by surprise," was in fact substantial. We note that in domestic violence cases, decisions to kill are often made quickly and often there are long-standing emotional issues involved. In such situations, murders are not always planned long in advance and executed pursuant to a preexisting plan. Nevertheless, where a defendant makes a decision to kill, conceals his purpose, watches and waits, and takes the victim by surprise, the murder was accomplished by means of lying in wait.

### DISPOSITION

A peremptory writ shall issue directing respondent court to vacate its order of April 16, 1999, granting defendant's motion to strike the special

circumstance allegation pursuant to Penal Code section 190.2, subdivision (a)(15), as to each of the murder counts, and to enter a new and different order denying the motion in its entirety.

Turner, P. J., and Grignon, J., concurred.

A petition for a rehearing was denied August 23, 1999.