Filed 8/14/23  P. v. Mendoza CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CIRILO BAUTISTA<br>MENDOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B321231<br>(Super. Ct. No. 2021031644)<br>(Ventura County) |

Cirilo Bautista Mendoza appeals from the judgment following jury trial after the jury found him guilty of sexual penetration with a child age 10 or younger (Pen. Code, § 288.7, subd. (b); count 1)[1] and three counts of lewd act on a child under age 14 (§ 288, subd. (a); counts 2 [vaginal intercourse causing pregnancy], 3 [vaginal intercourse not causing pregnancy], and 4 [touching vagina]).  As to count 2, the jury found true allegations that Mendoza personally inflicted great bodily injury and bodily

---

1 All statutory references are to the Penal Code.

harm (§ 667.61, subds. (a) & (d)(6) & (7)). The jury also found for counts 2 through 4 that Mendoza had substantial sexual conduct with a victim under age 14 (§ 1203.066, subd. (a)(8)). The trial court sentenced Mendoza to 40 years to life in prison plus a determinate term of four years.

Mendoza only appeals his conviction on count 1. He contends the evidence of penetration and of the victim's age was insufficient to establish a violation of section 288.7 and the jury instructions were erroneous. We affirm.

FACTUAL AND PROCEDURAL HISTORY

K.M. was born in July 2008. Mendoza began molesting her when she was nine years old, when she woke to find Mendoza touching her chest on top of her clothes. The older of her two sisters was "just a tiny baby" and was in the room.

Count 1 was based on one of two incidents. Regarding the first incident, K.M. testified she was 10 years old and her sister was about a year old and sleeping next to her. K.M. woke to find Mendoza was "in my vagina." She testified, "his hand was in my vagina." She then testified as follows:

"Q.: Was he moving his hand around on your vagina?

"A.: I think.

"Q.: Did you ever feel anything go inside your vagina during this incident?

"A.: I don't think so.

"Q.: Did he touch you over your clothes or underneath?

"A.: I think it was over my clothes."

Regarding the second incident, K.M. was asked, "Do you know another incident when you were ten years old?" She answered, "I can't remember." She was then asked, "When you were ten years old, did he use another body part to touch your

vagina?" She answered, "Yes." She testified, "I think I was ten." She testified she woke up "[w]hen I felt his penis inside my vagina." Mendoza pulled down her pants and "put his penis inside my vagina." K.M. was on her back on the floor and Mendoza was on top of her. Neither of them spoke. It was painful. When her sister woke up and cried, Mendoza stopped and pulled up his underwear and pants. Other family members had gone to the laundromat during the incident.

K.M. was questioned further about that incident. She testified she could not remember if it was before she turned 11. She was then asked, "How do you know that you were ten?" She answered, "We celebrated my birthday." She testified it occurred a "few weeks" after her 10th birthday, which she had celebrated with her cousins. She was asked if it occurred halfway through that year, and she responded, "I think." She was asked if it occurred in winter, when the days are shorter, and she responded again, "I think." She testified it was closer to her 11th birthday than her 10th birthday.

Regarding counts 2 through 4, K.M. testified that Mendoza molested her when she was 12 and 13, with acts including vaginal intercourse.

When interviewed by police, Mendoza said he only had intercourse with K.M. two times, around April 2020 and August 2021. He testified at trial that he first had sexual contact with K.M. in April 2021. He denied touching her vagina or having intercourse with her when she was nine or 10.

The jury found Mendoza guilty of all four counts and found all the special allegations true. The trial court sentenced Mendoza to 15 years to life in prison for count 1 (§ 288.7, subd. (b)), plus 25 years to life for count 2 with great bodily injury

3

(§§ 288, subd. (a), 667.61, subds. (a) & (d)(6)).  The court stayed the bodily harm enhancement (§ 667.61, subd. (d)(7)) pursuant to section 654.  The court imposed consecutive determinate sentences of two years each (one-third the midterm) for counts 3 and 4 (§ 288, subd. (a)).

## DISCUSSION

Mendoza only challenges the conviction for count 1 (§ 288.7, subd. (b)).

Section 288.7, subdivision (b), includes "[a]ny person 18 years of age or older who engages in . . . sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger."  Section 289, subdivision (k), provides: "(1) 'Sexual penetration' is the act of causing the penetration, *however slight*, of the genital or anal opening of any person . . . for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object. [¶] (2) 'Foreign object, substance, instrument, or device' shall include *any part of the body*, except a sexual organ. [¶] (3) 'Unknown object' shall include any foreign object, substance, instrument, or device, or any part of the body, *including a penis*, when it is not known whether penetration was by a penis or by a foreign object, substance, instrument, or device, or by any other part of the body."  (Italics added.)

K.M. testified to two incidents upon which the conviction of count 1 could be based—an incident of digital penetration and one of penetration by the penis.  The prosecution argued that a conviction could be based on either incident so long as the jurors agreed which act he committed.  Mendoza contends the evidence was insufficient to establish digital penetration for the first incident, and K.M.'s age for the second incident.  We disagree.

4

"When a defendant challenges the sufficiency of the evidence, ' "[t]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' [Citations.] 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence. [Citation.]' [Citation.] We ' " 'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " [Citation.]' [Citation.]" (*People v. Clark* (2011) 52 Cal.4th 856, 942-943.)

"In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

### Evidence of penetration

Mendoza contends the evidence of penetration was insufficient as to the first incident. We disagree.

K.M. testified Mendoza "was *in* my vagina" and "his hand was *in* my vagina." (Italics added.) She also testified he moved his hand around *on* her vagina. The evidence of penetration is neither "physically impossible" nor "inherently improbable." (*People v. Young*, *supra*, 34 Cal.4th at p. 1181.)

"[P]enetration of the labia majora, rather than penetration of the vagina" is sufficient, and may occur through clothing.

(*People v. Quintana* (2001) 89 Cal.App.4th 1362, 1364 [digital penetration through panties].) Because "the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

*Evidence of victim's age*

Regarding the second incident, Mendoza contends the evidence was insufficient to establish K.M. was 10 years old during the act of penile penetration. Again, we disagree.

Child victims often have difficulty establishing the exact date a molest occurred. (*People v. Jones* (1990) 51 Cal.3d 294, 299.) "The victim, of course, must describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g., lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction." (*Id.* at p. 316.)

Mendoza relies upon cases in which the victim gave

6

"generic" testimony regarding incidents on undesignated dates during relatively short time periods. (*People v. Matute* (2002) 103 Cal.App.4th 1437, 1449 [one count for each of 15 months]; *People v. Superior Court (Caudle)* (1990) 221 Cal.App.3d 1190, 1194 [one week to three months]; *People v. Moore* (1989) 211 Cal.App.3d 1400, 1408-1409 [three months].) But other continuous abuse cases affirm convictions on undesignated dates during a one-year period. (*People v. Garcia* (2016) 247 Cal.App.4th 1013, 1022-1023; *People v. Obremski* (1989) 207 Cal.App.3d 1346, 1351-1352 & fn. 4.) The issue is not the length of the time interval, but the credibility of the witness. "[T]he jury either will believe the child's testimony that the . . . acts occurred or disbelieve it." (*Moore*, at p. 1414.) "Time is only an essential allegation if the defense is one of alibi; otherwise, the prosecution need only prove the act alleged was committed before the filing of the information and within the statute of limitations." (*Ibid*.)

Mendoza relies upon *People v. Avina* (1989) 211 Cal.App.3d 48, 50-51, which affirmed convictions for two counts of child molestation and two counts of incest, each alleged to have occurred within periods ranging from one to four months. The court did not describe the counts as a " 'blur of acts' " occurring " 'on a continuing basis,' " but instead, as is the case here, "sufficiently specific and detailed" separate acts. (*Id*. at pp. 55-56.) But *Avina* does not mandate specific types of detail to affirm a conviction. On the contrary, the court stated, "Even an assumption (which we do not make) that [the victim's] testimony lacked sufficient specificity in tying particular sexual attacks to specific times, locations or charges would not negate the fact that each element of each of the charged offenses was supported by substantial evidence. An appellate court may not reweigh the

7

evidence and substitute its judgment for that of the fact finder at trial." (*Id.* at p. 56.) " '[T]he true issue is credibility.' " (*Id.* at p. 55.)

Substantial evidence here supports the jury's determination that K.M. was 10 years old when the penile penetration in the second incident occurred. She testified she was 10. She testified it occurred several weeks or months after her 10th birthday celebration, which she used as a reference point. She provided "[a]dditional details"—that Mendoza took down her pants, her sister was asleep in the room, her mother was at the laundromat, and he stopped when the sister started crying. Even if the molest occurred in winter, that was still well before her 11th birthday in July. Although K.M. said "I can't remember" or "I think" in response to some questions, and gave conflicting testimony about when in her 10th year the intercourse occurred, "uncertainties or discrepancies in witnesses' testimony raise only evidentiary issues that are for the jury to resolve." (*People v. Watts* (1999) 76 Cal.App.4th 1250, 1259; *People v. Tompkins* (2010) 185 Cal.App.4th 1253, 1261.)

We must affirm if, " ' "after viewing the evidence in the light most favorable to the People, *any* rational trier of fact could have found the essential elements of the allegation beyond a reasonable doubt." ' " (*People v. Lindberg, supra*, 45 Cal.4th at p. 27.) "A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*Ibid.*) Substantial evidence here supports the verdict.

### *Jury instructions*

Mendoza contends the jury instructions were erroneous and allowed the jurors to convict him of violating section 288.7 even if they concluded she was more than 10 years old. He is incorrect.

We apply the independent standard of review to claims of instructional error. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 919.) "When a defendant claims an instruction was subject to erroneous interpretation by the jury, he must demonstrate a reasonable likelihood that the jury misconstrued or misapplied the instruction in the manner asserted. [Citation.] In determining the correctness of jury instructions, we consider the entire charge of the court, in light of the trial record. [Citation.]" (*Id*. at p. 926.)

The jury was instructed that "[t]o prove that the defendant is guilty of [section 288.7, subdivision (b)], the People must prove that: [¶] . . . [¶] . . . [K.M.] was 10 years of age or younger." (CALCRIM No. 1128 (modified).) The jury was further instructed: "The People are not required to prove that the crime or crimes took place exactly on a specific day but only that it/they happened within the timeframe given." (CALCRIM No. 207 (modified).) The timeframe was provided in the unanimity instruction: "The defendant is charged in Count 1 with engaging in sexual penetration with a child 10 years of age or younger between July 15, 2018 through July 14, 2019." (CALCRIM No. 3500 (modified).) This time period corresponds to when K.M. was 10 years old.

The jury instructions clearly required the jury find whether count 1 was committed when K.M. was 10 years old. The instructions do not suggest that commission of the crime when K.M. was even one day more than 10 would be sufficient. The instructions are not erroneous or misleading.

This case is unlike *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1306-1307, upon which Mendoza relies. There, the conviction for section 288.7 was reversed on ex post facto grounds

because the jury was instructed as to a range of permissible offense dates that included dates before the statute was enacted. Here, the date range given the jury was after the operative date of section 288.7, and when K.M. was 10 years old.

Mendoza notes that at the time of trial, the unmodified language of CALCRIM No. 207 read: "It is alleged that the crime occurred on [or about] _____ <insert alleged date>.  The People are not required to prove that the crime took place exactly on that day but only that it happened reasonably close to that day."  (CALCRIM No. 207 (rev. Feb. 2016).)  This instruction could have been misleading if it were given in its unmodified form.  But the potential problem was eliminated in the modified version given the jury.

Mendoza also notes that the operative accusatory pleading, the amended felony information, alleged that count 1 was committed "*[o]n or about* July 15, 2018 through July 14, 2019." (Italics added.)  But this language was not read or provided to the jury, and the jury was never told the crime need only be "on or about" when K.M. was 10.  The jury instructions were not erroneous because they did not permit a guilty verdict for count 1 unless the jury unanimously found the victim was 10 years old.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.          YEGAN, J.

10

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____


     Maxine Weksler, under appointment by the Court of
Appeal, for Defendant and Appellant.

     Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Wyatt E. Bloomfield and Lindsay Boyd,
Deputy Attorneys General, for Plaintiff and Respondent.